IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

JOHN EVANS,

      Plaintiff,      OPINION AND ORDER

v.

                  20-cv-574-wmc

PAUL BRAATZ,

      Defendant.
---

  In this lawsuit, plaintiff John Evans, a former State of Wisconsin employee, purports to assert a "due process claim" under 42 U.S.C. § 1983 against a lone employee of the Wisconsin Employee Trust Funds, defendant Paul Braatz, based on his allegedly false representation of the interest rate applicable to the calculation of Evans' retirement benefits depending on his retirement date. Before the court is defendant's motion to dismiss plaintiff's amended complaint. (Dkt. #10.) While the court is skeptical that plaintiff has a viable claim against *this* defendant, particularly as to his individual capacity to offer plaintiff due process, the court must deny the motion to dismiss on the narrow grounds and limited record before it as explained below.

ALLEGATIONS OF FACT[1]

  As of 2014, Evans was a long-time State of Wisconsin employee and entitled to retirement benefits under the Wisconsin Retirement System. Evans began planning for his retirement in 2014, and he scheduled a meeting with defendant Braatz on November

---

[1] In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

14, 2014, to discuss whether his WRS annuity would be higher if he retired in 2014 or at the beginning of 2015. During that consultation, Braatz allegedly "omitted information from the Trust Fund Specialist's commentary and did not advise Evans that the projected 'effective rate for 2014, should Evans not retire until January 1, 2015, would be about nine percent, well above the Core Fund pro-rated interest rate of 4.83 percent" if he were to retire before then. (Am. Compl. (dkt. #7) ¶ 11.) Indeed, when specifically asked "if the effective rate for the year would be different from the yearly core investment increase, which at that time was approximately 5.5 percent," Braatz allegedly responded that the effective rate "would be about the same." (*Id.* ¶ 12.) Evans further claims that he relied on this false information in selecting a retirement date in 2014 and "[i]f Evans had waited to retire until January 1, 2015, his effective rate would have been considerable higher." (*Id.* ¶ 14.)

On June 18, 2015, the Department of Employee Trust Funds issued a Notice of Final Retirement Annuity to Evans reflecting this lesser amount. On September 14, 2015, Evans filed an appeal, alleging that he relied on false information from Braatz, and requesting redress. On January 11, 2019, however, the ETF Board concluded that it lacked the "authority to change his annuity date from December 1, 2014, to January 1, 2015." (*Id.* ¶¶ 21-22.) Evans did not file a writ of certiorari or otherwise appeal this determination to the Wisconsin Circuit Court; instead, he filed the present lawsuit against Braatz personally.

OPINION

Defendant Braatz seeks dismissal of plaintiff's claim on the basis that he failed to

avail himself of adequate, post-deprivation measures by failing to appeal the adverse determination of the ETF Board -- specifically, commencing a certiorari action challenging the Board's denial of relief under Wis. Stat. § 40.08(12). While "[t]here is no general duty to exhaust state judicial or administrative remedies before pursuing an action under 42 U.S.C. § 1983," *Horsley v. Trame*, 808 F.3d 1126, 1129 (7th Cir. 2015), defendant's motion concerns whether plaintiff has pleaded himself out of a due process claim by failing to pursue state post-deprivation remedies. As the Seventh Circuit explained in *Leavell v. Illinois Department of Natural Resources*, 600 F.3d 798 (7th Cir. 2010), "for a plaintiff alleging a procedural due process claim based on 'random and unauthorized' conduct of a state actor, the plaintiff must either avail herself of state post-deprivation remedies 'or demonstrate that the available remedies are inadequate.'" *Id.* at 805 (quoting *Doherty v. City of Chi.*, 75 F.3d 318, 323 (7th Cir. 1996)).[2]

However, as alleged, plaintiff *did* avail himself to post-deprivation remedies: he appealed the annuity determination to the ETF Board. In response, defendant argues that this action fell short of availing himself *fully* to state post-deprivation remedies because plaintiff did not seek available certiorari review of the denial of his appeal under Wisconsin Statute § 40.08(12). This subsection states that:

> Notwithstanding s. 227.52, any action, decision or determination of the board, the Wisconsin retirement board, the teachers retirement board, the group insurance board or the deferred compensation board in an administrative proceeding shall be reviewable only by an action for certiorari in the circuit court for Dane County that is commenced by any

---

[2] There appears to be no debate that because the alleged due process claim is based on "random and unauthorized' conduct of a state actor, post-deprivation, rather than pre-deprivation, process is required. *See Leavell*, 600 F.3d at 805.

> party to the administrative proceeding, including the department, within 30 days after the date on which notice of the action, decision or determination is mailed to that party, and any party to the certiorari proceedings may appeal the decision of that court.

Still, defendant's *only* support for his argument that plaintiff *must* appeal the ETF Board decision to the circuit court through a certiorari action in order to be deemed to avail himself of post-deprivation remedies comes from a single case, which plaintiff actually cited first in his opposition brief and then latched onto by defendant in reply. In *Tietjen v. Ninneman*, No. 16-cv-1542, 2017 WL 5634878 (E.D. Wis. Sept. 29, 2017), the court granted the defendant's motion to dismiss the plaintiff's procedural due process claim, which concerned the spouse of a county employee who claimed that the County had miscalculated her late husband's years of service credit. In holding that the spouse had not availed herself of post-deprivation remedies, the court emphasized plaintiff "does not contest that she had the opportunity to have her claim heard before an administrative review board followed by certiorari review in state court," and did *neither*. *Id.* at *3. Plaintiff here relies on the court's reference to "certiorari review in state court," but critically in *Tietjen*, the plaintiff did not engage in *any* post-deprivation process, distinguishing it from the facts alleged here.

Moreover, the *Tietjen* court concluded that plaintiff's simple allegation that any engagement in this process would have been "futile" was inadequate, explaining "a colorable objection to state . . . remedies is required in order to forgo state remedies; not merely a statement in the complaint stating that it would be futile." *Id.* Here, plaintiff has explained why any further engagement in the state process would be futile or otherwise

inadequate, including appealing the ETF Board's decision to the circuit court. Specifically, plaintiff alleges that the state remedy was not adequate because the ETF Board determined it lacked the authority to change his retirement date for purposes of adjusting his annuity. *See Sullivan v. Town of Stockholm*, 402 F. Supp. 3d 534, 540 (W.D. Wis. 2019) (quoting *Simpson v. Brown Cty.*, 860 F.3d 1001, 1010 (7th Cir. 2017) ("A state remedy may be adequate even if it isn't "identical to the remedy otherwise available under § 1983," but it "must still offer meaningful redress for the particular injury suffered by the plaintiff.").

While defendant points generally to § 40.08(12), he stops short of directing the court to any cases or otherwise developing a meaningful argument that a Wisconsin circuit court could or would have provided plaintiff with an adequate remedy by requiring the ETF Board to exercise authority they concluded they did not have. Rather, the court is at this point, left with plaintiff's direction to caselaw describing a certiorari action as providing the circuit court with authority to rein in an administrative agency that *exceeds* its jurisdiction, but provides no mechanism for the circuit court to require an administrative agency to act. *See Gehin v. Wis. Grp. Ins. Bd.*, 2005 WI 16, ¶ 6 n.5, 278 Wis. 2d 111, 692 N.W.2d 572 ("In a certiorari review, the scope of review is generally limited to whether the agency (1) kept within its jurisdiction; (2) proceeded on the correct theory of law; (3) was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; or (4) might reasonably have made the order or finding based on the evidence."). Whether this is correct or not, and it seems questionable at best, this court has no obligation to seek out contrary legal authority, especially when a party fails to do so on reply to its own motion.

At least on the pleadings and the parties' briefing to date, the court agrees with plaintiff that he has adequately pleaded availment of state process by appealing to the ETF Board and alleging any further appeal to the circuit court would have been inadequate or futile. Of course, defendant is free to renew this argument or others on a more robust factual record and with more persuasive legal authority at summary judgment but dismissal at the pleading stage is inappropriate.

## ORDER

IT IS ORDERED that defendant Paul Braatz's motion to dismiss (dkt. #10) is DENIED.

Entered this 4th day of October, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge